Wilder, J.
The simple question presented for the consideration and decision of the court in this case is, whether the ■cross petition or counterclaim of Hall states facts sufficient to constitute a cause of action in his favor against Plaine.
■ It is conceded by the counsel of both parties, that whether Preference be had to the covenant of seizin, against incumbrances, or general warranty, in the deed of Plaine to Ebbert, there was a breach of such covenant at the time of the execution of the deed. It is, thereupon, claimed by the counsel of Plaine, that said covenants did not thereafter run with the land, but became a chose in action; a claim for damages, which Ebbert, and Ebbert alone, could enforce against Plaine; that the breach was not only a technical, but a substantial one; that .the subsequent conveyance of the in-lot by Ebbert to Hall did not carry with it a right to sue Plaine on his broken covenant with Ebbert, for the reason that the right to sue Plaine, being in Ebbert, could not pass from him, dr vest in another, without an assignment or transfer for that purpose, and that a mere ■deed of conveyance, to transfer the title, does not operate as *422 an assignment of a chose in action; that there is nothing in. the pleadings showing that such an assignment was made, or intended to be made, or that Hall predicates his right to sue1 Plaine, as the assignee of this chose in action; that the pleadings show that Hall predicates his right of action against Plaine upon the ground that the covenants in the deed from Plaine to Ebbert are real covenants, running with the land, and passed to Hall by the deed of Ebbert to him, and that the-covenants were broken in his hands, and therefore to him belongs the right to sue for such breach.
That the breach was a substantial one, and that a covenant, substantially broken does not pass to a subsequent grantee by the mere conveyance of the title, are propositions fully sustained by the authorities cited by counsel. Perhaps at common law it would be difficult for Hall, on the case made in the pleadings, to maintain his action in his own name against Plaine, but it is unnecessary for us to decide that question. The case made in the pleadings does not stand upon the ground assumed by the counsel. It is averred that Ebbert purchased/or Sail. The consideration was $4000 — $2000 of which he paid down with Sail’s money, and gave his notes for the remaining $2000. On the 3d March, 1854, Hall assumed, the payment of the notes, and executed to Ebbert a bond of indemnity to save him harmless, and Ebbert, having been Sail’s agent in making said purchase, and being his trustee in receiving and' holding the title for his use, in consideration of the premises, conveyed the lot in fee to Hall, who has ever since held, and yet holds, the legal title, and all the interest acquired by Ebbert from Plaine.
The rule of the common law, that pleadings are to be construed most strongly against the pleader, is abrogated, the rule under the code being, that their “ obligations shall be liberally construed, with a view to substantial justice between the parties.”
The objection here is, that there is no averment of the assignment of the broken covenant by Ebbert to Hall. But it is only a fair construction of the above allegations, that Ebbert .was the agent of Hall in making the purchase; that he *423 received the title in trust for Hall, and that by the arrangements of the 3d March, 1854, he transferred to Hall not merely the legal title, but all the interest he acquired from Plaine. The beneficial interest and equitable title was in Hall from the beginning. Before the code, Hall could have sued on the covenant, in the name of Ebbert, for his (Hall’s) use. Hall would have been entitled to the damages recovered, because he was the party, and not Ebbert, by whom the damages were sustained. Since the code that form of procedure is not required. Section 25 of the code provides that “ Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27.” This language is mandatory. In section 27, it is permissive : “ An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted.” Although under this section an action might have been brought by Ebbert, in his own name, “ as the person in whose name the contract was made,” yet this was not required. Ebbert is a party defendant, and Hall is the real party in interest. The pleadings, therefore, show that the claim is not prosecuted in the name of Hall.
The judgment of the court of common pleas is reversed. The demurrer is overruled, and the cause remanded to the court of common pleas for further proceedings.
Peck, C.J., and Brinkerhoee and Scott, JJ., concurred.
Rannev, J., having been of counsel for one of the parties, did not sit in this case.